IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:10CV382 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MADISON COUNTY JAIL and | ) | |
| MADISON COUNTY ATTORNEY'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on October 8, 2010. (Filing No. 1.) On October 21, 2010, the court granted Plaintiff leave to proceed in forma pauperis (filing no. 10) and Plaintiff thereafter paid the initial partial filing fee. Thus, the court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A.

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against two Defendants, the Madison County Jail and the Madison County Attorney's Office. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently incarcerated at the Madison County Jail. (*Id.* at CM/ECF p. 2.)

Plaintiff's allegations are extremely difficult to decipher. As best as the court can tell, Plaintiff alleges that Defendants knew about the "Norfolk Regional Center stopping mail." (*Id.* at CM/ECF pp. 5-6.) Despite Plaintiff requesting that "75 officials whom work at the Norfolk Regional Center" be prosecuted for stopping the mail, Defendants have done nothing. (*Id.* at CM/ECF p. 6.) Plaintiff requests damages in the amount of "6.8 million dollars" and the closure of the Madison County Jail. (*Id.* at CM/ECF p. 7.)[1]

---

[1] Plaintiff also alleges that his "jailors . . . were notified about arch supports and necessary shoestrings," but does not include any other allegations regarding these items.

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations are difficult to decipher. At best, Plaintiff complains that Defendants refuse to bring criminal charges against Norfolk Regional Center employees because they have "stopped" Plaintiff's mail. However, a private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with

---

(Filing No. 1.)

state and federal prosecutors." See *Mercer v. Lexington Fayette Urban Cnty. Gov't., No. 94-6645, 1995 WL 222178, at \*1 (6th Cir. Apr. 13, 1995)* (unpublished order); *see also Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (quoting *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")). In short, the court does not have the authority to force a criminal prosecution and Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice in accordance with 28 U.S.C. § 1915(e)(2). The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 3rd day of December, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.